FILED IN OPEN COURT
2.4.2026
CLERK, U. S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v. Case No. 3:25-cr-232-WWB-SJH

LUIS RAUL GONZALEZ-PARDO RODRIGUEZ

# PLEA AGREEMENT

## A. Particularized Terms

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, through the undersigned Assistant United States Attorneys, and the defendant, LUIS RAUL GONZALEZ-PARDO RODRIGUEZ, and the defendant's attorney, Miguel Rosada, mutually agree as follows:

1. Count Pleading To

The defendant shall enter a plea of guilty to Count One of the Indictment, which charges the defendant with making false statements in an immigration document, in violation of 18 U.S.C § 1546(a).

2. Maximum Penalties

The maximum penalties for Count One are a term of imprisonment of not more than ten years, a fine of not more than $250,000, or both a term of imprisonment and a fine, a term of supervised release of not more than three years, and a special assessment of $100, which is due on the date of sentencing. A violation of the terms and conditions of supervised release is punishable by a maximum sentence of not more than two years of additional imprisonment as well as the possibility of an additional term

of supervised release. Conviction of the offense also will adversely affect the defendant's immigration status in the United States, both now and in the future, and will likely result in his removal from the United States.

3. Elements of the Offense

The defendant acknowledges understanding the nature and elements of the offense with which the defendant has been charged and to which the defendant is pleading guilty. The elements of Count One are:

(1) the defendant knowingly made a false statement, as alleged in the Indictment;

(2) the statement was made in a document required by United States immigration laws or regulations;

(3) the statement was subscribed as true under penalty of perjury; and

(4) the statement was material.

4. Count Dismissed

At the time of sentencing, the remaining count against the defendant, Count Two, will be dismissed pursuant to Fed. R. Crim. P. 11(c)(1)(A). However, the defendant understands that the conduct related to the charge set forth in that count may be considered relevant conduct by the Court in determining the defendant's sentence.

5. No Further Charges

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida, and only the United States Attorney's Office for the Middle District of Florida, agrees not to charge defendant with committing any other



Defendant's Initials LR6P

federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

6. Middle District of Florida Agreement

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

7. Acceptance of Responsibility

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG § 3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG § 3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.4., the United States agrees to file a motion pursuant to USSG § 3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle

District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

8. Removal - Notification

The defendant has been advised and understands that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, the offense to which defendant is pleading guilty may be a removable offense. Indeed, because the defendant is pleading guilty to this offense, removal is presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the district court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that may result from the defendant's guilty plea, even if the consequence is the defendant's automatic removal from the United States following completion of the defendant's sentence.

9. Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. § 982(a)(6), whether in the possession or control of the United States, the defendant or defendant's nominees.

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action. The



Defendant's Initials LRGP

defendant also agrees to waive all constitutional, statutory and procedural challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

If the United States seeks the forfeiture of specific assets pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees to take all steps necessary to identify and locate all property subject to forfeiture and to transfer custody of such property to the United States before the defendant's sentencing. To that end, the defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control directly or indirectly, including all assets held by nominees, to execute any documents requested by the United States to obtain from any other parties by lawful means any records of assets owned by the defendant, and to consent to the release of the defendant's tax returns for the previous five years. The defendant further agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct. The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States. The defendant



Defendant's Initials LRGP

agrees that Federal Rule of Criminal Procedure 11 and USSG § 1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of the defendant's cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to the forfeitable assets before the defendant's sentencing. In addition to providing full and complete information about forfeitable assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed forfeiture amount, is collected in full.



Defendant's Initials LRGP

B. **Standard Terms and Conditions**

1. Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, shall order the defendant to make restitution to any victim of the offense, pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense, pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (18 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. To ensure that this obligation is satisfied, the Defendant agrees to deliver a check or money order to the Clerk of the Court in the amount of $100, payable to "Clerk, U.S. District Court" within ten days of the change of plea hearing.

The defendant understands that this agreement imposes no limitation as to fine.



Defendant's Initials LRGP

2. Supervised Release

The defendant understands that the offense to which the defendant is pleading provides for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3. Immigration Consequences of Pleading Guilty

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

4. Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

5. Financial Disclosures

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant promises that the financial statement and



Defendant's Initials LRGP

disclosures will be complete, accurate and truthful and will include all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years. The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

6. Sentencing Recommendations

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and

acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

7. Defendant's Waiver of Right to Appeal the Sentence

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from this waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

8. Middle District of Florida Agreement

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal,



Defendant's Initials LRGP

state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

9. Filing of Agreement

This agreement shall be presented to the Court, in open court or in camera, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10. Voluntariness

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court

may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

11. Factual Basis

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth in the attached "Factual Basis," which is incorporated herein by reference, are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

12. Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

13. Certification

The defendant and defendant's counsel certify that this plea agreement



Defendant's Initials LRGP

has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this 28th day of January, 2026.

GREGORY W. KEHOE
United States Attorney

By:

LUIS RAUL GONZALEZ-PARDO RODRIGUEZ
Defendant

ARNOLD B. CORSMEIER
Assistant United States Attorney

MIGUEL ROSADA
Attorney for Defendant

for

ABBIE D. WAXMAN
Special Assistant U.S Attorney

MICHAEL J. COOLICAN
Assistant United States Attorney
Chief, Jacksonville Division



Defendant's Initials LRGP

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v. Case No. 3:25-cr-232-WWB-SJH

LUIS RAUL GONZALEZ-PARDO RODRIGUEZ

PERSONALIZATION OF ELEMENTS

1. Do you admit that in April 2025 you knowingly made false statements in a Form I-485, Application to Register Permanent Residence or Adjust Status, as alleged in the Indictment, including (1) falsely stating that you had never received any weapons training or other military-type training, (2) falsely stating that you had never been a member of, assisted, or participated in any group, unit, or organization of any kind in which you or other persons used any type of weapon against any person or threatened to do so, (3) falsely stating that you had never served in, been a member of, assisted, helped, or participated in any military or police unit, and (4) falsely stating that you had never lied about, concealed, or misrepresented any information on an application or petition to obtain a visa?

2. Do you admit that the false statements were made in a document required by United States immigration laws and regulations?

3. Do you admit that the false statements were subscribed by you as true under penalty of perjury?

Defendant's Initials LRGP

4. Do you admit that the false statements were material, that is, that they had the capacity and natural tendency to influence the decision of immigration authorities whether to approve the I-485?

Defendant's Initials LRGP

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v. Case No. 3:25-cr-232-WWB-SJH

LUIS RAUL GONZALEZ-PARDO RODRIGUEZ

---

## FACTUAL BASIS

The defendant, LUIS RAUL GONZALEZ-PARDO RODRIGUEZ, is a citizen of Cuba who served in the Cuban Revolutionary Air and Air Defense Force from in or around 1980 through in or around 2009. While the defendant was residing in Cuba he received extensive military training to fly MiG fighter jets.

On May 3, 2017, the defendant submitted to the U.S. Department of State an application for a B2 visa to enter the United States as a temporary visitor for pleasure. In the application, he answered "no" to a question asking whether he had ever served in the military.

The defendant last entered the United States from Cuba on April 19, 2024, after being granted humanitarian parole. On April 20, 2025, the defendant signed a Form I-485, Application to Register Permanent Residence or Adjust Status. A Form I-485 is an application by which an alien seeks authorization to reside permanently in the United States and is a document required by the Department of Homeland Security, U.S. Citizenship and Immigration Services ("USCIS"), pursuant to United States immigration

laws and regulations. In the Form I-485, the defendant answered "no" to each of the following questions:

> Have you EVER [r]eceived any weapons training, paramilitary training, or other military-type training?
>
> Have you EVER been a member of, assisted, or participated in any group, unit, or organization of any kind in which you or other persons used any type of weapon against any person or threatened to do so?
>
> Have you EVER been a member of, assisted (helped), or participated in any military or police unit?
>
> Have you EVER lied about, concealed, or misrepresented any information on an application or petition to obtain a visa, other documentation required for entry into the United States, admission to the United States, or any other immigration benefit?

The defendant signed the Form I-485 under the following certification: "I certify, under penalty of perjury, that I provided or authorized all of the responses and information contained in and submitted with my application, I read and understand or, if interpreted to me in a language in which I am fluent by the interpreter listed in Part 11, understood, all of the responses and information contained in, and submitted with, my application, and that all of the responses and the information are complete, true, and correct." At the time the defendant signed the Form I-485, he was living in Jacksonville, Florida, and he mailed the Form I-485, or caused it to be mailed, from Jacksonville to a USCIS address in Chicago, Illinois.

Contrary to the defendant's statements on the visa application and the Form I-485, before he submitted these documents, and as he well knew, he had served in the Cuban military, had received weapons training and other military-type training, had been a member of a group—the Cuban Revolutionary Air and Air Defense Force—in which

he and others had used weapons against other persons or threatened to do so, and had been a member of a military unit. Furthermore, before he submitted the Form I-485, and as he well knew, he had lied about whether he had ever served in the military on the 2017 visa application that he had submitted. The defendant's false statements were material because his having been trained by and having been a member of a foreign military organization, and his having lied on a previous application for an immigration benefit, had the capacity and natural tendency to influence the decision by USCIS whether to approve the Form I-485 and grant him permanent residence in the United States.

On November 7, 2025, the defendant was interviewed by federal agents. During the interview, the defendant admitted that he had served in the Cuban military as a pilot for decades. He explained that after he finished his "pre-university" he was sent to Russia to study combat aviation from 1977 to 1980 and then he returned to the providence of Holguin in Cuba where he trained as a pilot. After three years, he was transferred to Havana, Cuba, to the San Antonio Air Base. He said that he subsequently was sent back to Russia for further training. Upon returning to Cuba, he spent approximately six months flying for the Cuban military before he was deployed on two missions to Angola. After Angola, he returned to Cuba, continuing as a pilot in the Cuban military, and then returned to Russia for training in 2009. After thirty years of Cuban military service, he retired.

Defendant's Initials LRGP