UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


UNITED STATES OF AMERICA

v.                                          CASE NO.: 3:25-cr-00232-WWB-SJH-1

LUIS RAUL GONZALEZ-PARDO
RODRIGUEZ                                    /

## DEFENDANT'S SENTENCING MEMORANDUM

**COMES NOW** the Defendant, LUIS RAUL GONZALEZ-PARDO
RODRIGUEZ, by and through the undersigned Counsel, and hereby submits this
sentencing memorandum to this Honorable Court:

## INTRODUCTION

1.     The Defendant, LUIS RAUL GONZALEZ-PARDO RODRIGUEZ,
pled guilty to Count I (18 U.S.C. §§ 1546(a) and 2-Fraud and Misuse of Visas,
Permits and Other Documents). The Defendant pled guilty pursuant to a written plea
agreement. [Doc. 34].

2.     The Defendant has accepted responsibility for his crime. The Court has
adjudicated the Defendant guilty. [Doc. 37].

3.     The Defendant has been in custody since his arrest on November 7,
2025, which is more than six months. [Doc. 15].

1

The Defendant recognizes the seriousness of the offense. In light of the sentencing guidelines, and circumstances outlined below, the Defendant requests this Honorable Court sentence the Defendant to time served.

## BACKGROUND

Born in Cuba, the Defendant lived with both of his parents until he was 13. PSR ¶39. When he turned 13, his parents divorced and the Defendant and his three sisters lived with their mother and maternal grandmother. PSR ¶39. After the divorce, the Defendant only saw his father three to four times a year. PSR ¶39. While still a teenager, the Defendant was selected by the communist authoritarian government of Cuba to go to Russia for training to become a pilot in the Cuban Revolutionary Air and Air Defense Force. The Defendant served in the Cuban Revolutionary Air and Air Defense Force approximately 30 years. PSR ¶54. After his retirement in 2009, the Defendant worked in various jobs at the Jose Marti International Airport in Havana, Cuba. PSR ¶¶52 and 53. In those jobs, he never earned more than the equivalent of $625.00 per month. PSR ¶¶52 and 53.

In 2016, the Defendant was granted a visa to visit the United States and disclosed his prior military service. PSR ¶12. In 2024, in search of a better life for his family, including his then 24-year-old daughter, the Defendant, his daughter and his son-in-law immigrated to the United States. The Defendant and his family were granted humanitarian parole. PSR ¶14. The Defendant, within a few months of

2

arriving in the United States, obtained employment and was gainfully employed until the time of his arrest. PSR ¶¶50 and 51.

## SENTENCING GUIDELINES

The Probation Office has calculated that the guideline imprisonment range is zero months to six months. The base offense level for Count I is 8. The Defendant has accepted responsibility resulting in a downward adjustment of 2 levels for acceptance of responsibility. The Defendant is also a Zero-Point Offender, resulting in a downward adjustment of 2 additional levels. The total offense level is 4.

In Rita v. United States, the Supreme Court recognized that a sentence within a properly calculated guideline range may be presumed reasonable on appellate review because the Sentencing Commission's recommendations generally reflect the objectives set forth in 18 U.S.C. § 3553(a). Rita v. United States, 551 U.S. 338, 347–50 (2007). However, as the Supreme Court observed in Koon v. United States, "it has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." Koon v. United States, 518 U.S. 81, 113 (1996).

To guide a court's discretion in sentencing, § 3553(a)(2) requires sentencing courts to consider not only the advisory Guidelines range, but also the facts of a specific case through the lens of several factors:

1) The nature and circumstances of the offense and the history and characteristics of the defendant;
2) The need for a sentence imposed;
3) The kinds of sentences available;
4) The advisory guideline range;
5) Any policy statements issued by the Sentencing Commission;
6) The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
7) The need to provide restitution to victims of the offense.

Against this backdrop of factors, the Defendant respectfully submits that a guideline sentence of zero to six months is an appropriate sentence in the instant matter.

1. **NATURE AND CIRCUMSTANCES OF THE OFFENSE AND THE HISTORY AND CHARACTERISTICS OF THE DEFENDANT**

The nature of the offense and history and characteristics of the Defendant Illustrate that a sentence within the guideline range is warranted. The Defendant takes responsibility for his actions, but the context of the conduct must be taken into account. The Defendant did not come to the United States for the purpose of engaging in criminal conduct or to harm others. Rather, he came seeking the same opportunity sought by many who flee oppressive conditions, which is, the opportunity to work, support his family, and live with dignity.

Importantly, the Defendant's background provides critical context for the Court's consideration. The Defendant was born and raised in Cuba under a rigid authoritarian system. As reflected in the numerous letters submitted to the Court, the

Defendant grew up in less-than-ideal environment and, from a young age, assumed substantial responsibilities to help support his family. At only seventeen years old, he was selected and sent to Russia for military flight training. The Defendant's military involvement was therefore not the product of ideological extremism or personal ambition for violence, but rather the reality of growing up in a system where refusing such assignments is not a realistic option for many young people.

The Court should also consider that when the Defendant first entered the United States in 2016, he disclosed his prior service as a pilot. That fact is significant because it demonstrates that the Defendant has not always attempted conceal the existence of his military background from the United States government. Instead, the later omissions appear to have been motivated by fear, confusion, and perhaps a concern that truthful answers would jeopardize his ability to remain in the United States with his family after finally escaping the conditions in Cuba. While those decisions were unquestionably wrong and the Defendant accepts responsibility for them, they do not reflect the conduct of someone motivated by malice.

The letters accompanying this memorandum and submitted to the Court consistently describe the Defendant as a hardworking, compassionate, and deeply family-oriented individual who has spent years sacrificing for others. Family members describe him as the person who helped raise siblings after the illness and death of his mother, supported relatives, helped mentor youths, and acted as a pillar

of emotional support for his family.  Even after arriving in the United States, the Defendant worked to support his family and assist elderly relatives. One elderly relative explained that the Defendant routinely transported her to medical appointments, grocery stores and assisted her with daily needs when she did not feel able to drive. Other letters describe the profound positive influence he had on younger relatives.

This offense represents a serious lapse in judgment, but it does not define the entirety of the Defendant's life or character. He is a husband, father, grandfather, provider, and caretaker who has otherwise lived a life marked by hard work, sacrifice, and devotion to his family and community. The Defendant's life history and personal characteristics strongly support a sentence within the advisory guideline range. Such a sentence would serve to accomplish the goals of sentencing under 18 U.C.S.C. §3553(a).

## 2. THE NEED FOR A SENTENCE IMPOSED-DETERRENCE AND PROTECTION OF THE PUBLIC

The Court does not need to sentence the Defendant to a lengthy period of incarceration to specifically deter the Defendant from engaging in future criminal conduct or to protect the public. The offense consisted of false statements and omissions on immigration forms concerning prior military training and service in Cuba. While serious, the conduct was nonviolent in nature. The Defendant's personal history strongly suggests a low likelihood of recidivism. The letters

submitted to the Court uniformly describe a man who devoted his life to supporting family members, assisting others, and maintaining strong family relationships.

General deterrence is likewise adequately served through criminal conviction, public prosecution, incarceration already endured, and the likely immigration consequences associated with this case. The Defendant has now publicly experienced the serious consequences that can arise from providing false information during the immigration process.

There is little reason to believe that additional punishment beyond a guideline sentence would meaningfully increase deterrence in this case. Accordingly, the goals of deterrence and protection of the public can be fully accomplished through a sentence within the advisory guideline range.

## CONCLUSION

The Defendant has accepted responsibility for his conduct. The advisory guideline range adequately reflects the purposes of sentencing under § 3553(a), as well as the Defendant's individual history, personal circumstances, and the unique context surrounding the offense conduct. As such, the Defendant respectfully requests a sentence of time served.

**WHEREFORE**, Defendant LUIS RAUL GONZALEZ-PARDO RODRIGUEZ respectfully requests that the Court impose a sentence within the guideline range and sentence the Defendant to time served.

Dated May 21, 2026,

**ROSADA LAW, PLLC**

**/s/ Miguel Rosada**
**MIGUEL A. ROSADA, ESQ**.
Florida Bar No. 0085343
301 W. Bay Street, 14th Floor
Jacksonville, FL  32202
Tel:   (904) 329-7233
Email: mrosada@yourrights.lawyer
Attorney for Defendant LUIS RAUL
GONZALEZ-PARDO RODRIGUEZ

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 21, 2026, I filed the foregoing document with the Clerk of Court via the CM/ECF system, which will serve via email a notice of electronic filing upon all Counsel of Record in this case:

Arnold B. Corsmeier, AUSA

Abbie Waxman, AUSA

**/s/ *Miguel Rosada***
Attorney

8